*JACOBS v. CALDERWOOD.*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## CANAL AND BANKING COMPANY *v.* GRAYSON et al.

Defendants who had, with others, signed a letter addressed to a judge of probates, stating that those who signed the letter would become the sureties of a third person, in case he should be appointed administrator of a particular succession, cannot be held liable as sureties, though such third person was appointed administrator, where a bond was taken for the discharge of his duties, signed by other persons, and not by the defendants.

APPEAL from the District Court of Catahoula, *Barry*, J. *M'Guire* and *Ray*, for the plaintiffs. *Purvis*, *Phelps*, and *R. W. Richardson*, for appellants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal from a judgment rendered against *Grayson & Lovelace*, who are the appellants, at the suit of certain creditors of *Thomas Bryan*, deceased, on the ground that the appellants were sureties of *P. Austin*, who was the administrator of the succession. They were not parties to the bond given by the administrator, but have been held liable by virtue of a letter addressed and delivered to the late judge of the parish of Catahoula, by whom

the administrator was appointed, the purport of the letter being that, if *Austin* should be appointed administrator of the succession of *Bryan*, the appellants, and seven other subscribers to the letter, would be his sureties. Four of the subscribers, with two other persons, became the sureties of the administrator.

It is not easy to discover a single legal principle on which the appellants can be, in any sense, held to be the sureties of the administrator. The proposition to the judge, before his judgment was rendered appointing the administrator, can not be heard in a court of justice without a violation of rules which are elementary. See the decision of this court in the case of *Taylor* v. *Jones*, 3 An. 621.*

The judgment of the District Court is therefore reversed, and judgment rendered for the defendants, with costs in both courts.

---

*The letter containing the proposition to the judge is not marked as having been filed among the records; but it was found among the papers of the succession. The signers proposed to become the sureties of *Austin*, in case he got "the appointment of administrator of *Thos. Bryan*, deceased." *Austin* was appointed "administrator of the succession of *Thomas Bryan* and *Melinda Bryan*, deceased," and the bond actually signed was for his faithful performance of all his duties " as administrator of the succession of *Thomas Bryan* and *Melinda Bryan*."                                                                                      R.